UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Dustin Turbin,**

       **Plaintiff,**         **Civil Action No. 10-14449**

       **vs.**                  **Chief District Judge Gerald E. Rosen**

**Secure Care, Inc., et al.,**      **Magistrate Judge Mona K. Majzoub**

       **Defendants.**

                                /

## **ORDER**

In this 42 U.S.C. § 1983 claim against various defendants, Plaintiff Dustin Turbin, a prisoner currently incarcerated at Michigan Reformatory in Ionia, Michigan, alleges that the defendants violated his constitutional right to adequate medical care while he was incarcerated at the Bay County Jail.[1] (Dkt. 1.) Plaintiff, a diabetic, focuses his claims on the defendants' failure to control his blood sugar levels while he was under their care. Before the Court are Plaintiff Dustin Turbin's motions to amend his complaint and appoint counsel and several defendants' motions to compel. (Dkt. 19, 21, 31, 33.) The Court has been referred this motion pursuant to 28 U.S.C. § 636(b)(1)(A). (Dkt. 12.) The Court has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and is now ready to rule. For the reasons stated below, the Court grants Plaintiff's motion to amend, grants in part the defendants' motions to compel, and denies Plaintiff's motion for appointment of counsel.

---

[1] The listed defendants: Bay Regional Hospital, Bay County, Newt Jerome, Elaine Kaiser, Barb LNU, Brian LNU, Debbie LNU, Jody LNU, Karen LNU, John Miller, John Natoley, John Oliver, John Lorrie Redmond, and Secure Care, Incorporated.

**I.     Facts**

On July 15, 2007 Plaintiff entered the Bay County Jail. (Compl. ¶ 7.) Plaintiff states that he entered the jail because he had been charged with driving under the influence, his third such charge. (*Id.*) Plaintiff alleges that he spoke with Defendant Jody and told her that, due to detox, his "blood sugar levels usually elevated to extremely high levels." (*Id.* ¶ 8.) Plaintiff also stated that he explained the full extent of his medical conditions to Defendant Jody and told her that he had diabetes. (*Id.* ¶ 9.)

Plaintiff then alleges that, on July 20, 2007, his blood sugar levels elevated above five hundred. (Compl. ¶ 10.) Plaintiff states that Defendant Jody administered twenty units of Humalog insulin "without authorization from any doctor," and then gave Plaintiff another twenty units two hours later (*Id.* ¶¶ 11, 12.) Plaintiff maintains that a second blood sugar level reading showed that he had levels over five hundred and fifty. (*Id.* ¶ 12.) Plaintiff alleges that he experienced another high reading, and after testing the levels, Defendant Jody accused Plaintiff "of deliberately making his own blood sugar level rise[.]" (*Id.* ¶ 13.) He states that she told him that he "must be eating stuff that [he was] not supposed to[.]" (*Id.*)

Plaintiff states that he told Defendant Jody about his "liver spikes of sugar and recent hospital visits," and requested that she consult a doctor. (Compl. ¶ 14.) He explains that she responded that he would not be "going to any hospital on [her] watch," and instead gave him twenty more units of insulin. (*Id.* ¶ 15.)

Plaintiff says that Defendant Jody then "threatened" to put him on suicide watch in a holding cell if his blood sugar levels did not improve by his next scheduled check. (Compl. ¶ 16.)

After his interactions with Defendant Jody, Plaintiff alleges that he lost consciousness and

was transported to Defendant Bay Regional Hospital. (Compl. ¶ 17.) Plaintiff alleges that Defendant Bay Regional Hospital "failed to adequately diagnose and treat Plaintiff, and [released] Plaintiff with an elevated sugar level above [four hundred,] violating the standard of care required by all healthcare personnel is Michigan." (*Id*. ¶ 18.)

Plaintiff then returned to jail, and states that he was placed in an isolation cell, "where there was no access to the food Plaintiff was falsely accused of eating." (Compl. ¶ 19.) Despite not having access to that food, Plaintiff maintains that his blood sugar levels remained "dangerously high." (*Id*. ¶ 20.)

Plaintiff states that he requested to see a doctor, verbally and in writing, and Defendant Jody denied his request each time. (Compl. ¶ 22.) He further states that Defendant Jody "repeatedly expressed her dislike for Plaintiff's written complaints and protected speech[.]" (*Id*. 24.)

Plaintiff states that he filed numerous complaints against jail officials/defendants and argues that each had a duty to protect Plaintiff from serious medical injury. (Compl. ¶¶ 25, 28.) As a result of the defendants' failure to treat his medical needs, Plaintiff alleges that he has suffered serious and permanent injury–including exacerbation of his neuropathy condition and kidney and eye damage. (*Id*. ¶ 27.)

Plaintiff states that Defendant Bay County and Sheriff Miller "failed to equip its jail with accommodations to address Plaintiff's condition as well as others with similar conditions." (Compl. ¶ 29.)

Plaintiff then states that Defendants Jody, Jerome, and others unknown, "did conspire, agree, and act in concert to deny Plaintiff the ability to see a [d]octor, and did each act to prevent a [d]octor from making a determination as to treatment, choosing instead to rely upon Jody's unilateral and

3

unauthorized orders." (Compl. ¶ 31.)

**II.     The motions**

    **A.     Plaintiff's motion to amend**

If a plaintiff does not file an amended complaint within twenty one days of his complaint, he may amend the complaint, "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision whether to permit amendment is committed to the discretion of the trial court. *Hayden v. Ford Motor Co.*, 497 F.2d 1292, 1294 (6th Cir. 1974).

In deciding whether to grant a motion for leave to amend, a court may consider such factors as delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failures to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the amendment. *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973). "Delay by itself is not a sufficient reason to deny a motion to amend." *Id.* (citation omitted). However, when the delay causes the motion to be filed at a late stage of the litigation, such as near the close of discovery, an increased burden is on the movant to show justification for the failure to move earlier. *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999). Allowing amendment after the close of discovery creates significant prejudice for the opposing party. *Id.* Motions to amend should not be denied as futile when there are underlying, disputed issues of material fact because the court must accept the movant's allegations as true. *See Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir. 1993) (test for determining whether proposed amendment is futile is same as for Rule 12(b)(6) motion to dismiss).

On September 16, 2011 Plaintiff filed his motion to amend/correct the complaint. (Dkt. 21.)

Plaintiff states he needs to amend his complaint because his first complaint "was defective as to the entirety of outlining the chronological events in his [fact section.]" (Dkt. 21, Pl.'s Mot. to Am.) In his proposed amended complaint, Plaintiff adds a more detailed fact section and several different causes of action.

The Court grants Plaintiff's motion. This case is still in its early stages, discovery is still ongoing, and an amendment would not prejudice the defendants. While the Court recognizes that Plaintiff has added several theories of recovery, the Court also notes that since discovery has not progressed very far in this case, and that the defendants are scheduled to take Plaintiff's deposition, there is still enough time for the defendants to seek discovery on these new claims.[2]

**B.     The motions to compel**

**1.     Bay County Defendants' motion to compel**

On September 9, 2011 the Bay County Defendants, Captain Newt Jerome, Lorrie Redmond, Sergeant Jon Oliver, Officer Brian Davidson, Sergeant Barb Davidson, Bay County, and Bay County Sheriff John Miller filed a motion to compel discovery from Plaintiff. (Dkt. 19.) The Bay County Defendants seek to compel Plaintiff to answer interrogatories and requests for production of documents that they served on him. (Dkt. 19, Bay County Defs.' Mot. to Compel at 2.) The Bay County Defendants state that they served interrogatories and requests for production on March 9, 2011. (*Id*.) They argue that the time required to respond expired and they heard nothing from Plaintiff. (*Id*.) They maintain therefore that "Plaintiff has refused and/or neglected to answer" the discovery. (*Id*.) They state that they sought concurrence from Plaintiff for the motion on August

---

[2]On January 23, 2012 the Court granted the Bay County Defendants' motion to compel the video deposition of Plaintiff. (Dkt. 32.)

15, 2011, but that they did not hear back from him, so they filed this motion to compel. (*Id.*, Ex. C.) The Bay County Defendants request an order compelling Plaintiff to answer the discovery as well as costs and attorneys' fees. (*Id.* at 3.)

On December 6, 2011 Plaintiff responded to the Bay County Defendants' motion to compel. (Dkt. 28.) The response, which was not prepared by Plaintiff, states that Plaintiff has no "practical understanding of the law and does not know how to [litigate the] action." (Pl.'s Resp. at 1.) The response also conveys that he "does not understand the purpose of [the Defendants'] intrusion upon his medical records, driving records, and employment histories." (*Id.*) Plaintiff further conveys that he "believes that only documents relevant to the period of time at issue in this suit should be the subject of discovery and focus of waiver of privilege." (*Id.* at 2.) Plaintiff alternatively requests, that if the Court does not limit the scope of discovery, that he be granted a protective order. (*Id.*) Plaintiff further states that he is working on answering the interrogatories and "will soon send those responses." (*Id.*)

### 2. **Defendant Bay Regional Medical Center's motion to compel**

On January 20, 2012 Defendant Bay Regional Medical Center (BRMC) filed a motion to compel discovery from Plaintiff. (Dkt. 31.) BRMC states that, on December 9, 2011, it served interrogatories and requests for production upon Plaintiff. (Dkt. 31, BRMC's Mot. to Compel at 2.) BRMC further states that Plaintiff has neither answered nor objected to the discovery requests. (*Id.*) BRMC adds that, on January 12, 2012, its counsel met with Plaintiff at the Michigan Reformatory. (*Id.*) At this meeting, BRMC states that its counsel told Plaintiff that it was going to file a motion to compel, but still Plaintiff did not provide answers to the discovery. (*Id.*) The discovery that BRMC seeks is:

> Did you sustain any injuries or loss because of the alleged actions of BRMC or any of its employees or other agents on July 20, 2007? If so, in your own words, describe [the] nature and extent [of] the injury or loss. If the loss[] is economic, state the amount of the loss.
>
> Produce all documents showing the injuries or loss you sustained as discussed in Interrogatory 10.

(BRMC's Mot. to Compel, Exs. A, B.)

The Court grants both motions to compel. Despite stating that he would send answers to the interrogatories, there is no indication that Plaintiff has done so. The Court recognizes that litigating this case may be a challenge for Plaintiff. But this challenge does not excuse Plaintiff from responding to discovery requests or providing a release for his medical records when he has put his medical condition at issue in this case. The Court has reviewed the discovery requests and concludes that it has not seen any reason why Plaintiff should not be able to answer the requests or release his medical records. Plaintiff has alleged that he suffers from high blood sugar levels. Defendants have alleged that Plaintiff intentionally elevated his blood sugar levels. His past medical records are therefore relevant. The Court also concludes that Plaintiff is not entitled to a protective order.

The Court therefore orders Plaintiff to supply responses to the requests, without objection, within forty-five days of this order. While the defendants request cost and attorneys' fees, the Court finds that such an award would be unjust against Plaintiff. *See Dubard v. Buckberry*, 10-12740, 2011 WL 1542509, at *1 (E.D.Mich. Apr. 21, 2011) (Majzoub, Mag. J.) ("In light of [the plaintiff's] incarceration, his pro se and in forma pauperis status, and the fact that [the defendant] has not described his efforts to obtain the discovery responses from [the plaintiff] the Court finds that an award of costs and an [attorney fee] is unjust.").

### C.     Plaintiff's motion to appoint counsel

Plaintiff has filed a second motion to appoint counsel. (Dkt. 33.) The Court denied the first motion in a text order. (Dkt. 22.) The Court again denies Plaintiff's request.

"A district court has discretion to appoint counsel for an indigent civil litigant." *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993). But a civil appointment is not a constitutional right. *Id*. at 605-06 (citation omitted). "It is a privilege that is justified only by exceptional circumstances." *Id*. at 606 (citation omitted). To determine whether exceptional circumstances exist, courts "have examined the type of case and the abilities of the plaintiff to represent himself." *Id*. (citation omitted). Courts are to look at the "complexity of the factual and legal issues involved." *Id*. (citation omitted).

Here, Plaintiff has not persuaded the Court that he needs an attorney. While Plaintiff has been relying upon "jailhouse lawyers," he has not shown exceptional circumstances that would warrant appointment of counsel. Plaintiff has alleged, among other claims, a deliberate indifference claim. Prisoner/plaintiffs routinely handle these matters on their own. *See Baker v. County of Missaukee*, 09-1059, 2011 WL 4477154, at *2 (W.D.Mich. Sept. 26, 2011) (Scoville, Mag. J.) (Stating, "[p]risoners regularly challenge the adequacy of the medical treatment that they receive while incarcerated. . . . [the plaintiff] has presented no basis for concluding that this case is 'extraordinarily' complex or even that it is more complex than the average case."). The Court therefore finds that Plaintiff must go on alone at this time. If Plaintiff survives the dispositive motion stage, and files another motion for appointment, the Court will revisit his request. *Garrison v. Kranz*, 10-14259, 2011 WL 3440757, at *2 (E.D.Mich. Aug. 5, 2011) (Ludington, J.) ("[I]t is the practice of th[e] [c]ourt to defer any attempt to obtain counsel for pro se plaintiffs until after motions

8

to dismiss or motions for summary judgment have been denied.")

**III. Conclusion**

The Court therefore grants Plaintiff's motion to amend, grants in part the defendants' motions to compel, and denies Plaintiff's motion for appointment of counsel. The Court therefore orders Plaintiff to provide full and complete responses, without objection, within forty-five days of this order. The Court denies Defendants' requests for costs and attorneys' fees. Failure to comply with this order may result in dismissal of Plaintiff's claims.

### NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: March 5, 2012     s/ Mona K. Majzoub
                          MONA K. MAJZOUB
                          UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Dustin Turbin and Counsel of Record on this date.

Dated: March 5, 2012     s/ Lisa C. Bartlett
                          Case Manager