UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Dustin Turbin,

          Plaintiff,          Civil Action No. 10-14449

      vs.                Chief District Judge Gerald E. Rosen

Secure Care, Inc., et al.,      Magistrate Judge Mona K. Majzoub

          Defendants.

_____/

## Report and Recommendation

In this 42 U.S.C. § 1983 claim against various defendants, Plaintiff Dustin Turbin, a prisoner

currently incarcerated at Michigan Reformatory in Ionia, Michigan, alleges that the defendants

violated his constitutional right to adequate medical care while he was incarcerated at the Bay

County Jail.[1]  (Dkt. 1.)  Plaintiff, a diabetic, focuses his claims on the defendants' failure to control

his blood sugar levels while he was under their care.  Before the Court are Defendant Secure Care's

motions to dismiss for failure to prosecute and motion to compel discovery and for costs,

Defendants Bay County, Newt Jerome, Barb LNU, Brian LNU, John Miller, John Oliver, and John

Lorrie Redmond's motions to dismiss for failure to comply with discovery order and failure to

comply with the Court's order to file an amended complaint and failure to prosecute.  (Dkt. 35, 43,

40, 41, 42.) The Bay County Defendants have also filed a substantive motion to dismiss.[2] (Dkt. 36.)

_____

[1]The listed defendants: Bay Regional Hospital, Bay County, Newt Jerome, Elaine Kaiser, Barb LNU, Brian LNU, Debbie LNU, Jody LNU, Karen LNU, John Miller, John Natoley, John Oliver, John Lorrie Redmond, and Secure Care, Incorporated.

[2]Because the Court ultimately recommends dismissing this case for Plaintiff's failure to prosecute his claim, the Court recommends finding the Bay County Defendants' substantive

Plaintiff has filed a response. (Dkt. 46.) The Court has been referred all pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Dkt. 12.) The Court has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this report and recommendation.

## I.     Recommendation

Because the Court recommends finding that Plaintiff has willfully delayed this case's progress, prejudiced Defendants in this delay, has been warned of possible dismissal, and that lesser sanctions are not appropriate in this case, the Court recommends dismissing this case with prejudice, due to Plaintiff's failure to prosecute. The Court therefore recommends denying as moot and without prejudice the Bay County Defendant's substantive motion to dismiss and Defendant Secure Care's motion to compel.

## II.    Report

### A.     Facts[3]

#### 1.     The Court's March 5, 2012 order

On March 5, 2012 the Court granted Plaintiff's motion to amend and granted in part Defendants' motion to compel. (Dkt. 38, March 5, 2012 Order.) In granting Plaintiff's motion to amend, the Court held that the case was still in its early stages, that discovery was ongoing, and that discovery had not progressed very far in the case. (*Id*. at 5.) On April 10, 2012 the Court clarified its March 5 order and ordered Plaintiff to file his amended complaint on or before April 30, 2012.

---

motion to dismiss as moot. (Dkt. 36.) The Court also recommends finding Defendant Secure Care's motion to compel discovery as moot. (Dkt. 40.)

[3]For a complete recitation of the facts, see this Court March 5, 2012 order. (Dkt. 38.)

(Dkt. 39.) In granting in part Defendants' motion to compel, the Court stated that "litigating . . . may be a challenge to Plaintiff." (March 5, 2012 Order at 7.) But the Court also stated that "this challenge does not excuse Plaintiff from responding to discovery requests or providing a release for his medical records when he has put his medical condition at issue in this case." (*Id.*) The Court reviewed the discovery requests at issue and found that it did not see any reason why Plaintiff "should not be able to answer the requests or release his medical records." (*Id.*) The Court therefore ordered Plaintiff to supply responses to the requests within forty-five days of the Court's order. (*Id.* at 9.)

### B.    Analysis

Defendants have moved to dismiss this case for Plaintiff's failure to file an amended complaint, respond to the discovery requests, and otherwise comply with this Court's orders. (Dkt. 35, 41, 42, 43.)

Rule 41(b) gives courts the authority and ability dismiss a case if a plaintiff "fails to prosecute or to comply with [the Federal Rules] or a court order." Fed.R.Civ.P. 41(b).

When faced with a motion to dismiss for failure to prosecute, a court should weigh four factors: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citation omitted).

Given Plaintiff's pro se status, the Court has other considerations as well: "When managing cases involving *pro se* litigants, the Court must take into consideration the difficulties an individual

3

faces in bringing forward their case without the benefit of legal representation.  However, the Court

must also balance the defendant's right to a fair and timely resolution of the litigation, and therefore

*pro se* litigants are not to be accorded any special consideration when they fail to adhere to readily-

comprehended court deadlines." *Bunting v. Hansen*, 05-10116, 2007 WL 1582236, at *2 (E.D.Mich.

May 31, 2007) (Ludington, J.) (adopting report and recommendation) (citing *Jourdan v. Jabe*, 951

F.2d 108, 110 (6th Cir. 1991) (In *Jourdan*, the Sixth Circuit affirmed a district court's dismissal of

a case for lack of prosecution, due to the pro se plaintiff's delay in pursuing his case.  951 F.2d at

110.  The Sixth Circuit noted that the district court had twice extended deadlines at the plaintiff's

request.  *Id*. at 109.))

Plaintiff states that he was working to complete his final answers to Defendants'

interrogatories on the evening of April 15, 2012, but maintains that he "suffered a low blood [sugar]

attack and seizure."  (Dkt. 46, Pl.'s Resp. at 2.)  Plaintiff adds that he suffered his seizure lying on

top of the response paper and as a result, he shredded and ruined "several crucial pages."  (*Id.*)  On

April 19, 2012 Plaintiff states that he was finishing the responses when "due to reasons beyond [his]

control[,] he was [interrupted] . . . and placed against his will in a [segregation] cell without any

access to his legal material."  (*Id*. at 3.)  Plaintiff alleges that the prison has prevented him access

to the legal material necessary to complete the interrogatories.  (*Id.*)  Plaintiff states that he had to

resort to the prison's grievance procedure to attempt to get the materials he found necessary; he

states he received those materials on April 28, 2012.  (*Id.* at 3-4.)

Plaintiff argues that, for the reasons stated above, he could not meet the Court's deadline.

(Pl.'s Resp. at 4.)  Plaintiff maintains that he is not "intending to be difficult or uncooperative[.]"

(*Id.*)  Plaintiff requests an additional twenty-one days to submit his responses to interrogatories, his

medical release, and documents.  (Pl.'s Resp. at 4.)

Defendants argue that, weighing the four failure to prosecute factors, the Court should dismiss Plaintiff's case.  Defendants argue that Plaintiff has shown willfulness and bad faith in failing to comply with his discovery obligations and the Court's order to file an amended complaint. (Dkt. 41, Bay County Defs.' Mot. to Dismiss at 2.)  The Court agrees.  Plaintiff has now had two chances to respond to the discovery requests.  In the March 5 Order, the Court gave Plaintiff an additional forty-five days to comply with that order.  Plaintiff has not complied with that order, and only requested an additional twenty-one days for discovery in his response to Defendants' latest motions to dismiss, on May 16, 2012.  (Dkt. 46.)  As the Court stated in its March 5 Order, it reviewed the discovery requests and found that there was no reason that Plaintiff would be unable to respond to the requests.  The Court finds additional support in Plaintiff's willfulness in his failure to file and amended complaint.   The Court gave Plaintiff until April 30, 2012 to file an amended complaint.  (Dkt. 39.)  He did not do so and has not done so.  While the Court acknowledges and is sympathetic to Plaintiff's reasons for not complying with the order–his low blood sugar attack and segregation–the Court finds that Plaintiff still had ample time to comply with the order and that he had no excuse for failing to comply. The Court therefore finds that Plaintiff's inactions were willful.

Defendants also argue that the second factor weighs in favor of dismissal.  (Bay County Defs.' Mot. to Dismiss at 3.)  Defendants argue that they have been prejudiced by Plaintiff's failure to follow the Court's orders.  (*Id.*)  The Court, again, agrees.  Plaintiff filed this case on November 8, 2010.  (Dkt. 1.)  Since then, Plaintiff has provided no discovery to Defendants and Defendants have been forced to file motions to compel.  The Court has ordered Plaintiff to comply with the orders and given Plaintiff a chance to amend his complaint.  Both the motions to compel and the

5

motion to amend would have progressed this case.  But Plaintiff has not complied and has not filed

an amended complaint.  Defendants have filed motions to dismiss to seek an end to this case.  The

Court finds that Plaintiff has utterly crippled Defendants in defending this action–for they do not

have any discovery related to Plaintiff's claims.  Defendants have therefore been prejudiced.

Defendants argue that the third factor is satisfied–for the Court warned Plaintiff that failure

to comply with the March 5, 2012 order put Plaintiff on notice that failure to comply with the order.

(Bay County Defs.' Mot. to Dismiss at 3.)  The Court agrees.  Plaintiff has had notice that his failure

to follow the Court's orders could result in dismissal.

And finally, Defendants argue that no other, less drastic, sanctions would be appropriate.

(Bay County Defs.' Mot. to Dismiss at 4.)  The Court, yet again, agrees.  Monetary sanctions are

pointless, as Plaintiff is proceeding in forma pauperis.  And the Court has given Plaintiff multiple

chances to help this case go forward, to no avail.

The Court has considered the failure to prosecute factors as well as Plaintiff's pro se litigant

status.  As the Court has stated, the four factors weigh in favor of dismissing the case.  Plaintiff has

been afforded extra time to respond to discovery requests and he has failed to so respond.  The Court

has given Plaintiff extra time to file an amended complaint.  And Plaintiff has failed to file that

amended complaint as well.  Even considering Plaintiff's pro se status, the Court cannot allow

Plaintiff to pick and choose how this case proceeds and ignore the Court's orders.

### C.    Conclusion

For the above-stated reasons, the Court therefore recommends granting Defendants' motions

to dismiss for failure to prosecute (Dkt. 35, 43, 41, 42), denying as moot and without prejudice the

Bay County Defendants' substantive motion to dismiss (Dkt. 36) and Defendant Secure Care's

6

motion to compel discovery (Dkt. 40.).  The Court therefore recommends dismissing this case with prejudice.

### III.     Notice to Parties Regarding Objections

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: July 9, 2012                         s/ Mona K. Majzoub
                                            MONA K. MAJZOUB
                                            UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Dustin Turbin and Counsel of

Record on this date.

Dated: July 9, 2012                  s/ Lisa C. Bartlett
                                      Case Manager